# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NEVADA ASSOCIATION SERVICES, INC., )
                                                            )
                  Plaintiff,                )
                                                              )     2:13-cv-01386-RCJ-CWH
        vs.                        )
                                                             )
RODNEY J. YANKE et al.,                     )     **ORDER**
                                                             )
                  Defendants.            )
                                                             )

This state-law interpleader action arises out of a foreclosure sale of real estate yielding excess funds. Pending before the Court are two Motions to Dismiss (ECF Nos. 12, 17), a Motion to Deposit Funds (ECF No. 51), and two Motions to Disburse Funds (ECF Nos. 55, 59).

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Nevada Association Services, Inc. ("NAS") is a debt collection company that pursues debts owed to homeowner associations ("HOA"), including delinquent HOA dues. (Compl. ¶ 13, Mar. 14, 2013, ECF No. 1-3). Shenandoah Hights HOA ("SHHOA") contracted with Plaintiff to collect debts owed to SHHOA by Defendant Rodney Yanke related to real property at 7311 Falvo Ave., Las Vegas, NV 89131 (the "Property"). (*Id.* ¶ 14). This collection action ultimately resulted in an HOA foreclosure of the Property on March 1, 2013. (*Id.*). After paying SHHOA the dues owed, and after retaining for itself its fees and costs in collection, NAS was left with $40,942.85 (the "Funds") in which it claims no further interest. (*Id.*). NAS therefore sued the following Defendants in interpleader in state court under Nevada Rule 22: Robert Yanke, Kathy Yanke, City of Las Vegas (the "City"), Washington Mutual Bank, F.A.,

California Reconveyance Co., Republic Services, Inc. ("RSI"), Real Equity Pursuit, LLC, The Estates at Seven Hills Owner Association, and the United States of America. Yanke filed a counterclaim for "unjust foreclosure" in the state district court.

The United States removed pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. Plaintiff has moved to dismiss Yanke's counterclaim, and Yanke has moved to dismiss the Complaint. Plaintiff has moved to transfer the interpled funds from state Court to this Court. RSI and the City have separately moved for disbursements of a portion of the Funds and to be dismissed from the case.

## II. DISCUSSION

First, the Court grants the motion to transfer and deposit the Funds. Jurisdiction over the *res* was transferred to this Court automatically upon removal. *See* 28 U.S.C. § 1450. The state court shall therefore either release the Funds to Plaintiff, or, alternatively, transfer the Funds to the registry of this Court directly. *See* 28 U.S.C. § 2283.

Second, the Court grants Plaintiff's motion to dismiss Yanke's counterclaim. The counterclaim for "unjust foreclosure" sounds in wrongful foreclosure, and Plaintiff affirmatively alleges in his pleadings that there remained a default at the time of foreclosure. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) ("Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.").

Third, the Court denies Yanke's motion to dismiss the Complaint, which appears to be based upon the same wrongful foreclosure theory as the counterclaim.

Finally, the Court addresses the motions to disburse. The following three Defendants have claimed some portion of the Funds, which total $40,942.85: the United States ($22,215.67, plus interest from August 2013), RSI ($3039.54), and the City ($361.75). All other Defendants except Robert Yanke have defaulted, and NAS has asked the Clerk to enter default judgment

1  against some of them pursuant to Rule 55(b)(1).  Yanke has not claimed any particular amount of
2  the Funds but only moved to dismiss the Complaint and counterclaimed for quiet title.  The
3  Court has dismissed the counterclaim, however, so Yanke's remaining interest as the pre-
4  foreclosure title holder is in any amount of the Funds remaining after disbursement to other
5  parties.
6       NAS has responded to both motions for disbursement, arguing that the Court should not
7  yet disburse any of the Funds because NAS has not yet been dismissed from the case or requested
8  its fees and costs from the Funds.  NAS identifies no state or federal statute under which it would
9  be entitled to take fees and costs from the *res* upon its departure from the case.  It may yet do so,
10 but the Court will not proceed on the presumption that NAS is entitled to this measure of relief,
11 and even if this were the case, as RSI notes in reply, granting all present motions for
12 disbursement would leave over $15,000 for NAS's fees and costs and the United States'
13 additional interest on its claim.  In the Complaint itself, NAS has claimed fees and costs under
14 Nevada Revised Statutes ("NRS") section 116.31164(c)(3).  But that statute simply governs the
15 order of distribution of the proceeds of an HOA foreclosure sale, which includes fees and
16 expenses incurred by the HOA.  *See* Nev. Rev. Stat. § 116.31164(c)(1)–(5).  Even assuming NAS
17 could stand in the shoes of an HOA under the statute to recover its own fees and costs directly,
18 NAS affirmatively alleges in the Complaint that it has already been made whole from the
19 foreclosure sale in this regard. (*See* Compl. ¶ 14 ("As a result of the sale, and after paying the
20 homeowners association the money owed to it, *and after paying to NAS its fees and costs*
21 *incurred in collecting the debt as allowed by contract and under Nevada law*, NAS was left with
22 an excess of $40,942.85.") (emphasis added)).  That is, NAS has already taken what it can from
23 the proceeds of the foreclosure sale under section 116.31164(c)(2).[1]  It has interpled the

---

25  [1]NAS cites to subsection (3), which indicates that payment of the HOA lien itself is in third priority.  NAS presumably meant to cite to subsection (2), which puts in second priority the

1  remainder of the proceeds for litigation between rival claimants.  NAS cannot further take from
2  the Funds any amounts necessary to prosecuting the present interpleader action, which costs have
3  been voluntarily incurred, and which have not been incurred by SHHOA, in any case.
4        The United States separately objects that RSI and the City have not shown a superior
5  right to the funds as against the United States, that RSI has provided no evidence indicating that
6  it is entitled to any share of the Funds, and that the City's lien is junior to the United States' lien.
7  The United States is correct that RSI has not provided any evidence of its entitlement to any
8  portion of the Funds.  It has identified NRS section 444.523(3) as the source of its lien.  The
9  section of the NRS that RSI likely means to invoke is section 444.520(3), which provides for
10  liens based upon the nonpayment of municipal sewer service fees.  But RSI has provided no
11  evidence of any delinquent fees.  The Court therefore denies RSI's motion, without prejudice.
12  The City also claims under NRS section "444.523(3)."  The United States' argument that the
13  City's lien is junior to the United States' lien is of no consequence, as it appears clear that the
14  Funds are sufficient to satisfy all timely claims.  The City attaches to its Answer a recorded lien
15  for $268.60 based upon unpaid sewer fees, as well as a bill indicating $302.60 past due.  The
16  Court will therefore grant the City's motion in part, for $302.60.
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ——————————————
25  payment of, *inter alia*, "reasonable attorney's fees and other legal expenses incurred by the association." Nev. Rev. Stat. § 116.31164(c)(2).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Deposit Funds (ECF No. 51) is GRANTED, and the state court shall either RELEASE the Funds to Nevada Association Services, Inc., or, alternatively, TRANSFER the Funds to the registry of this Court.

IT IS FURTHER ORDERED that the Motion to Dismiss Counterclaim (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that the Motion to Disburse Funds (ECF No. 55) is DENIED.

IT IS FURTHER ORDERED that the Motion to Disburse Funds (ECF No. 59) is GRANTED, and the Clerk shall, upon deposit of the Funds, DISBURSE to the City of Las Vegas $302.60 from the Funds before making any other disbursements therefrom.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge