# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NEVADA ASSOCIATION SERVICES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| | ) | 2:13-cv-01386-RCJ-CWH |
| vs. | ) ) | |
| RODNEY J. YANKE et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This state-law interpleader action arises out of a foreclosure sale of real estate yielding excess funds. Pending before the Court is a Motion to Disburse Funds (ECF No. 75) and a Motion for Attorney's Fees and to be Dismissed as a Party (ECF No. 76). For the reasons given herein, the Court grants the motions in part.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Nevada Association Services, Inc. ("NAS") is a debt collection company that pursues debts owed to homeowner associations ("HOA"), including delinquent HOA dues. (Compl. ¶ 13, Mar. 14, 2013, ECF No. 1-3). Shenandoah Hights HOA ("SHHOA") contracted with Plaintiff to collect debts owed to SHHOA by Defendant Rodney Yanke related to real property at 7311 Falvo Ave., Las Vegas, NV 89131 (the "Property"). (*Id.* ¶ 14). This collection action ultimately resulted in an HOA foreclosure of the Property on March 1, 2013. (*Id.*). After paying SHHOA the dues owed, and after retaining for itself its fees and costs in collection, NAS was left with $40,942.85 (the "Funds") in which it claims no further interest. (*Id.*). NAS therefore sued the following Defendants in interpleader in state court under Nevada Rule 22:

Robert Yanke, Kathy Yanke, City of Las Vegas (the "City"), Washington Mutual Bank, F.A., California Reconveyance Co., Republic Services, Inc. ("RSI"), Real Equity Pursuit, LLC, The Estates at Seven Hills Owner Association, and the United States of America. Yanke filed a counterclaim for "unjust foreclosure" in the state district court. The United States removed.

Plaintiff moved to dismiss Yanke's Countercomplaint, and Yanke moved to dismiss the Complaint. The Court dismissed the Countercomplaint and denied the motion to dismiss the Complaint. RSI and the City separately moved for disbursements of portions of the Funds and to be dismissed from the case. The Court denied RSI's motion, because it provided no evidence of its lien. The Court granted the City's motion in part, reducing its claim to the amount for which it provided evidence. The Court overruled the United States' and Plaintiff's objections to the disbursements because there appeared to be enough remaining of the *res* to satisfy all remaining claimants in the case, noting that Plaintiff had identified no legitimate basis for attorney's fees in the present case and that:

> The following three Defendants have claimed some portion of the Funds, which total $40,942.85: the United States ($22,215.67, plus interest from August 2013), RSI ($3039.54), and the City ($361.75). All other Defendants except Robert Yanke have defaulted, and NAS has asked the Clerk to enter default judgment against some of them pursuant to Rule 55(b)(1). Yanke has not claimed any particular amount of the Funds but only moved to dismiss the Complaint and counterclaimed for quiet title. The Court has dismissed the counterclaim, however, so Yanke's remaining interest as the pre-foreclosure title holder is in any amount of the Funds remaining after disbursement to other parties.

(Order 2–3, April 17, 2014, ECF No. 70). RSI has again moved for disbursement of funds, and Plaintiff has moved for attorney's fees.

**II.   DISCUSSION**

The United States and Plaintiff have separately opposed RSI's latest motion for disbursement. Both argue that RSI has failed to adduce any evidence indicating a lien against the Property. RSI has identified NRS section "444.523(3)" as the source of its lien and has claimed the lien is for $4796.46. The section of the NRS that RSI likely means to invoke is section

444.520(3), which provides for liens based upon the nonpayment of municipal sewer service fees. In reply, RSI has attached evidence of its lien against the Property. RSI has attached copies of recorded liens for solid waste service since 2007, the latest having been recorded on May 1, 2014. (*See* Liens, ECF No. 79, at 8–15). The liens are for "solid waste collection, charges, fees, and penalties" for the periods of March 1 to November 30, 2007, June 1 to May 31, 2009, and March 1, 2010 to May 31, 2014, i.e., most of the last seven years. (*See id.*). The liens total $1170.17. (*See id.*). RSI claims late fees and processing fees bringing the total to $1373.27. RSI has additionally attached an unauthenticated list of attorney hours and charges totaling $3190 in fees and $233.19 in costs. The grand total of the claimed lien is $4796.46.

The Court is satisfied that RSI has a lien against the Funds superior to all others' except the United States' in the amount of $1170.17. RSI, however, has provided no evidence of the additional late fees and processing fees. For such fees to become a lien, they must be, *inter alia*, recorded, and there is no evidence of any recordation of liens for the additional amount. *See* Nev. Rev. Stat. § 444.520(4). Nor has RSI provided any legal support for its claim for attorney's fees out of the Funds. There may be such support, and RSI is free to move for fees and costs in the future based thereon, but the statute cited notably does not provide for attorney's fees or other collection fees to be added to liens, *see id.* § 444.520, and the Court will not scour the statutes to find support for RSI's claim. The Court will therefore only grant RSI's motion in part at this time. As noted, there are sufficient Funds to pay this amount and leave a surplus after paying the United States' superior interest.

Plaintiff additionally argues, as it argued before, that the Court should not yet disburse any Funds to RSI because Plaintiff has not yet been dismissed from the case or requested its fees and costs from the Funds. This time, however, Plaintiff has filed a separate motion for fees and costs and to be dismissed as a party. Plaintiff identifies no state or federal statute under which it would be entitled to take fees and costs from the *res* upon its departure from the case. As in the

Complaint itself, Plaintiff claims fees and costs under Nevada Revised Statutes ("NRS") section 116.31164(c)(3). But that statute simply governs the order of distribution of the proceeds of an HOA foreclosure sale, which includes fees and expenses incurred by the HOA. *See* Nev. Rev. Stat. § 116.31164(c)(1)–(5). Even assuming Plaintiff could stand in the shoes of an HOA under the statute to recover its own fees and costs directly, Plaintiff affirmatively alleges in the Complaint that it has already been made whole from the foreclosure sale in this regard. (*See* Compl. ¶ 14 ("As a result of the sale, and after paying the homeowners association the money owed to it, *and after paying to NAS its fees and costs incurred in collecting the debt as allowed by contract and under Nevada law*, NAS was left with an excess of $40,942.85.") (emphasis added)). That is, Plaintiff has already taken what it can from the proceeds of the foreclosure sale under section 116.31164(c)(2).[1] It has interpled the remainder of the proceeds for litigation between rival claimants. This interpleader action is not a "reasonable expense[] of sale" under the foreclosure statutes. Nor is this interpleader action a cost of "collection" for a "past due obligation" under the statutes, and even if it were, only the HOA would be entitled to collection costs, not the collection agency itself.

In its motion, Plaintiff now cites to case law providing for fees and costs in federal interpleader actions. The Court of Appeals has ruled that an award of fees to a plaintiff-in-interpleader may be appropriate for the fees and costs of "strict actions of interpleader" but not for any fees or costs incurred in litigating "a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund." *See Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). The Court of Appeals based the rule upon language in 28 U.S.C. § 1335 providing

---

[1] In the Complaint, NAS cites to subsection (3), which indicates that payment of the HOA lien itself is in third priority. NAS presumably meant to cite to subsection (2), which puts in second priority the payment of, *inter alia*, "reasonable attorney's fees and other legal expenses incurred by the association." Nev. Rev. Stat. § 116.31164(c)(2).

Page 4 of 6

1  that district courts "may . . . make all appropriate orders to enforce its judgment." *See id.* at 193
2  ("Under this provision, federal courts have continued the former equity practice of allowing
3  attorney fees to interpleading plaintiffs in strict actions of interpleader."). The present action,
4  however, is a removal case based on state law interpleader under Nevada Rule of Civil Procedure
5  22. Therefore, § 1335 and *Schirmer Stevedoring Co.* are not directly implicated here. But even
6  assuming, *arguendo*, that the *Schirmer Stevedoring Co.* rule is implicated, the present case is not
7  a "strict interpleader" where a plaintiff claims no interest in the funds, but an "action 'in the
8  nature of interpleader'" where he does. *See N.Y. Life ins. Co. v. Lee*, 232 F.2d 811, 814 (9th Cir.
9  1956). The Complaint here alleges Plaintiff's own interest in the interpled funds under state
10 statutes having nothing to do with the prosecution of the interpleader action itself. (*See* Compl.
11 ¶ 18, Mar. 14, 2013, ECF No. 1-3). Fees and costs are not available to a plaintiff bringing such
12 an action. *See Schirmer Stevedoring Co. Ltd.*, 306 F.2d at 194. Not only have the majority of
13 Plaintiff's filings been directed to contesting whether and to whom funds should be disbursed,
14 the Complaint itself is based in part upon Plaintiff's claim to fees and costs out of the *res*, not
15 merely under the *Schirmer Stevedoring Co.* "strict interpleader" rule, but under state foreclosure
16 statutes.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Disburse Funds (ECF No. 75) is GRANTED IN PART, and the Clerk shall DISBURSE $1170.17 from the Funds to Republic Services, Inc.

IT IS FURTHER ORDERED that the Motion for Attorney's Fees and to be Dismissed as a Party (ECF No. 76) is GRANTED IN PART.  Attorney's fees and costs are denied, but Plaintiff is DISMISSED as a party.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge